Daniel Baczynski, Bar No. 15530
BACZYNSKI LAW. PLLC
12339 S. 800 E. Ste. 101
Draper UT 84020
(708) 715-2234
dan@bskilaw.com

# IN THE UNITED STATES DISTRICT COURT
## STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Valerie Mares and Ian Trew,<br><br>On behalf of plaintiff and class,<br><br>vs.<br><br>Outsource Receivables Management, Inc.,<br><br>Defendant. | **PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM REQUESTING LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Case No: Case No. 1:19-cv-00004-DB<br><br>Judge: Dee Benson |

Plaintiffs, by and through their counsel of record, submits this motion and memorandum pursuant to Federal Rule of Civil Procedure 15(a). Plaintiffs request leave to file an Amended Complaint.

## DEFENDANT'S POSITION

Last week, Plaintiffs sent Defendant a copy of the proposed amended complaint to inquire as to whether Defendant would stipulate to filing the amended complaint. Defendant refused to stipulate.

## HISTORY OF THE CASE

Defendant transferred the case from state court to the Utah District Court on January 25th, 2019. Defendant then filed a Rule 12(b)(6) Motion to Dismiss on January 31, 2019. Because of the

1

pending dispositive motion and in an attempt to minimize costs, the parties submitted (and the Court entered) a scheduling order that trigger dates off the Court's decision on the Motion to Dismiss.

On March 7th, Plaintiffs submitted a memorandum in opposition to the Motion to Dismiss. In turn, Defendant filed its reply memorandum on March 21st. In the Reply Memorandum, Defendant argued in part that some of the allegations upon which Plaintiffs relied in opposing the Motion to Dismiss were not adequately plead. Though Plaintiffs believe all necessary allegations were included in their original complaint, out of an abundance of caution Plaintiffs request leave to file an amended complaint that more clearly details the allegations that were the subject to Defendant's objection in its reply memorandum.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by leave of the Court, "and leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 83 S. Ct. 227 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.". Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Mgr., Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); see *Foman*, 371 U.S. at 182.

In addressing claims of undue delay, the 10th Circuit focuses on the reason for any delay, holding that denial of leave to amend is only appropriate "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Regarding prejudice, "as a general rule, a plaintiff should not be prevented from pursuing a valid

claim . . ., provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." *Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n*, 357 F.3d 1, 8 (1st Cir. 2004). "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

None of the factors which would justify denial of the motion to amend are present. There is no showing of undue delay, undue prejudice, bad faith, or dilatory motive. Plaintiff moved to amend the complaint shortly after Defendant filed a reply memorandum claiming some allegations were not sufficiently plead. Furthermore, because the scheduling order does no trigger dates until the Court resolves the Motion to Dismiss, the case is still in the initial steps of litigation. Plaintiff has gained no advantage by moving forth with an amended complaint, therefore there is no evidence of bad faith or dilatory motive.

## CONCLUSION

Plaintiffs respectfully request the Court grant leave to file an amended complaint.

DATED: April 8th, 2019.

/s/Daniel Baczynski
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2019, I hereby filed the **PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM REQUESTING LEAVE TO FILE AN AMENDED COMPLAINT** through the Court's ECF system, with service provided to the following:

>Ronald E. Price
>Price Parkinson & Kerr, PLLC
>5742   West Harold Gatty Drive, Suite 101
>Salt Lake City, UT 84116
>Telephone: (801) 530-2964
>E-mail: ronprice@ppktrial.com

/s/ Daniel Baczynski

4